CHARLES ROMANO AND MICHAEL SAGGESE, PARTNERS, TRADING AS ROMANO & SAGGESE, PLAINTIFFS, v. BOROUGH OF METUCHEN, A MUNICIPAL CORPORATION OF THE COUNTY OF MIDDLESEX, DEFENDANT.

Argued January 19, 1938—Decided July 21, 1938.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and PARKER.

For the plaintiffs, *Thomas Brunetto*.

For the defendant, *Frederic M. P. Pearse*.

The opinion of the court was delivered by

TRENCHARD, J. This matter, as will be seen, resolves itself into a demand for trial by jury after reference and report by the referee.

The plaintiffs were contractors who agreed to construct a sewer for the borough of Metuchen, the defendant herein. In a suit brought by the plaintiffs it was claimed that the contract was performed, which claim was denied by the defendant, which also counter-claimed for the cost of repairs alleged to have been necessary for the proper completion of the contract.

The defendant moved that the matters in issue be referred to a referee, pursuant to the statute, and the trial judge, to

whom the case had been referred, after finding that matters of account were in controversy, granted such motion. The rule of reference provided that "the rights of the respective parties hereto to a trial by jury are hereby reserved to them." The attorney for the plaintiffs consented to the making of the order and endorsed his consent thereon.

After hearing, the referee filed his report finding in favor of the plaintiffs for a claim made by them for moneys retained by the defendant on their contract, and against the plaintiffs for extras, and against the defendant on its counter-claim. Thereupon an order was entered by the trial judge denying a motion to confirm the report, settling and signing the *postea* which, with the referee's report attached, was filed in the office of the clerk of the Supreme Court.

The defendant then filed exceptions to that part of the report which was adverse to it, and demanded a trial by jury, in substantial compliance with the procedure outlined in *Eatontown* v. *Hendrickson,* 107 *N. J. L.* 21; and the plaintiffs did practically the same thing, although their "reasons" ask for confirmation of the report as to matters wherein plaintiffs were successful, and a new trial respecting matters wherein they were unsuccessful.

We have, therefore, the question whether or not a jury trial should be awarded.

The plaintiffs now contend that the reference having been made with the consent of the parties, "neither party can file a dissent or exceptions or have a trial by jury" and urge that a trial by jury should be denied. They rely upon rule 99 of this court which provides that "all rules of reference entered by consent of the parties * * * may state whether the award of the referee is to have the effect of a finding of arbitrators, or merely the force of a verdict, and in the absence of such statement the award shall be treated as a verdict." They contend that by the force of this rule there can be no jury trial. The defendant. on the other hand, contends that matters of account being in controversy, sections 155-156 of the Practice act of 1903 (*Comp. Stat., p.* 4101) are applicable, and that the order was made pursuant thereto, and that thereunder where, as here, each party, "at the time

of ordering of such reference entered in the minutes his reservation of the right of a trial by jury," it was the right of both parties to "demand a trial by jury in which case the action shall be tried by jury," provided of course exceptions to the report have been filed as required by the statute.

We believe that the defendant's contention is sound. We believe that the right of a trial by jury in the present case was properly preserved to the parties and that proper procedure was followed to obtain it after the coming in of the report of the referee.

Such we think is the result of a consideration of the case of *Harrington Sons Co.* v. *U. S. Express Co.*, 87 *N. J. L.* 154, which seems to involve a proceeding similar to the one at bar. There the plaintiff contended that the defendant was the moving party for the order of reference and that this being consented thereto was in the nature of a waiver of his right. But the court rejected that view, stating that "the reservation was written upon the order by both parties as of the same date. If the plaintiff-respondent had any objection to the defendant-appellant's reservation of the right of trial by jury, it should have been made at the time it was entered. But that objection could not have been efficaciously made at any time, for the statute says that either party may at the time of ordering such reference enter in the minutes his reservation of the right to trial by jury." The court further said: "In section 155 of the Practice act of 1903 (*Mott.* 79) the provision for reserving the right to trial by jury is permissive to *either* party, and obviously means that *both* parties may make such reservation. A proper construction it seems to us does not foreclose the moving party from making a reservation of its constitutional right."

Here, as there, since the right to a trial by jury was properly reserved at the time the rule of reference was entered, and was followed by proper proceedings, after the coming in of the referee's report, to obtain that right, it should be accorded.

It may not be amiss to point out that rule 99 above referred to, referring to rules of reference entered by consent of parties, goes no farther than to provide whether or not such a

reference shall have the effect of a finding of arbitrators, or merely the force of a verdict. If the right to trial by jury has been properly reserved under the Practice act, it would seem to follow that rule 99 is not applicable and should not be invoked to deprive either party of that right.

We believe that the cases cited as supporting the contrary view are inapplicable and distinguishable. Thus, *Beattie* v. *David,* 40 *N. J. L.* 102, arose under a prior statute applicable at that time, and readily marks the distinction. Moreover, where, as here, matters of account are in controversy, a reservation of the right to a trial by jury is not inconsistent with a consent to the reference (the consent being entered to facilitate the making of the order by the court), for by their action in reserving their right to trial by jury the parties clearly indicate that they intended to proceed and are proceeding under section 155 of the Practice act. This view receives support in the case of *Paulison* v. *Halsey,* 37 *Id.* 205; *affirmed,* 38 *Id.* 488, where the court said: "The party should not be concluded by such consent when it plainly appears that he intended to avail himself of other provisions of the act. Such consent is not an abandonment of his right of trial by jury or a submission to arbitrators." Again, in *Excelsior Carpet Lining Co.* v. *Potts,* 36 *Id.* 301, relied upon by the plaintiffs, the opinion makes no mention of any dissent by the parties at the time the rule was entered. On the contrary the form of the application intimates that the right of trial by jury was not saved by dissent. Moreover, it does not appear that matters of account were involved. The same may be said with respect to the case of *Children's Home Association* v. *Hall,* 47 *Id.* 152. The case of *Bocchiero* v. *Carrino,* 108 *Id.* 176, is not applicable for the reason that the court held that matters of account were not involved and accordingly section 155 was not applicable, and for the further reason that the requirement of such section that the reservation of jury trial was not made at the time of the reference. In *Harper Machine Co.* v. *Sinclair,* 76 *Id.* 99, there was "no entry made at the time by either party to the reference of a reservation of right of trial by jury." In *Sbaraglio* v. *Vicarisi,* 110 *Id.* 280, the order of reference

specifically provided that the report of the referee should have the effect of a verdict. Furthermore, it does not appear that matters of account were involved or that any reservation of a jury trial was made. In *Grantwood Lumber Co.* v. *Aragona,* 109 *Id.* 447, and *Willis* v. *Irvington Varnish Co.,* 88 *Id.* 184, trial by jury was expressly waived at the time the rule of reference was entered.

We believe that the right of trial by jury in the case at bar is sustained by the Harrington case and the Halsey case above mentioned, and also by *Adams* v. *Board of Education,* 83 *N. J. L.* 489.

The result is that a trial by jury should be awarded and the record is remitted for proper procedure to that end. No costs to either party as against the other on these motions.